Next argument on the calendar for today is case number 22 1000. Bruce versus city. Nicely argued, gentlemen. Thank you. Thank you. Mhm. Mr. Joyce. Good morning. May it please the court. I'm aiming Joyce on behalf of city. A rare point of agreement. We have with plaintiff in this case is that this case has a lengthy history. We quickly depart after that because we find the history quite significant. When we were last year at plaintiff's urging this court held that arbitration failed because plaintiff pursued a contempt proceeding. Court reasoned in Belton quote as this court, numerous other circuits have concluded the only court that may offer contempt remedy is the court that issued the discharge order upon return here. That same equitable rule as this set court said last time around buttress by Taggart requires that the nationwide class allegations be stricken or dismissed. Additionally, because cities in action did not violate the discharge injunction and based on Taggart, this court's holding in gravel and other injunction cases, plants, individual claims should be dismissed. I'll start with the class issue. The equitable rule that one court can't enforce another court's injunctions through contempt is even older soil than Taggart faced in adopting the heightened objective standard. And it's steeped in recognitions that each court has unique experience in interpreting its own injunctions and determining when they've been violated and that a contrary rule would be subject to interference between the courts with the power of the issuing court and be liable to abuse. So it's your position under, I'm thinking about the bankruptcy ruling, it's like 4,004 talks about registering an order in another district and then having the same effect. In your view, having the same effect doesn't include the ability to enforce the injunction? So I think the Fifth Circuit got this right. Whatever the predecessor to 404, excuse me, 4004 meant about enforced in like manner, that was repealed. So that's where my starting point would be. I think when you look at both the 1970 revision to the bankruptcy code and the subsequent revisions to the bankruptcy code, one of the key things that Congress was driving at was allowing the discharge injunction to come before a federal court. Recall, before those provisions, a debtor could only raise a discharge injunction as a defense in state court. And so I think when you're looking at enforcement back in time, what Congress was doing in 1970, again, repealed in 1978. But I think the best reading is what Congress was doing was authorizing an anti-suit injunction. Yeah, let me jump in, I mean, I read all those arguments, but I'm fast forwarding to today under the existing law. And regardless of what the provided before, and I don't, is there anything other than the change in language that supports your view that there was a substantive change as to the ability to enforce an injunction in another jurisdiction? I'd state it one step removed from that, Judge Robinson. I'm not sure that there's any indication, notwithstanding what the Fifth Circuit says, that there was ever power to enforce one court's injunction through contempt in another court. Between 1970 and 1978, there's not a single case doing that. And there hasn't been a single case in the history of the bankruptcy code until the court below started going down this path. So the answer to my question then is no. You can't, you can register an order in another district, but you can't then enforce it. Not through contempt, Your Honor. So let's say it's a non-contempt enforcement under 105, you're looking for a declaration, but you're not looking for contempt sanctions. Can you do that? No, I don't believe so. I think- So it's not just a contempt thing, it's a reinforcement. Well, I'm not sure about that. I think what registration and the formal enforcement term were likely about was the anti-suit injunction, right? If you look at the 1970 statute, it's primarily focused on the anti-suit injunction, being able to enjoin collection actions, essentially. State court proceedings whereby one was suing a creditor, which didn't exist until those provisions. Instead, you had to assert the defense of the injunction. If you failed to assert the defense of the injunction, it was waived. So it's a very different scheme. So I was saying that where this rule is steeped is interference with other courts. And I think a class action in this context is the 11th Circuit- I mean, court judges, bankruptcy judges in the same district can enforce the contempt order. So why is that different nationwide than in another court? So I think, Judge Park, the Fifth Circuit's come closest to this, right? That the organization of the federal courts is such that a reference to a court means the court on the whole. I think, frankly, it's probably a rule of necessity principle, right? Otherwise, as with this case where the court below is now retired, you'd end up being in this gotcha game of, oh, you can't bring this at all, but that's not what we're saying. And I think the way plaintiffs brought this case bears all that out, right? They had to reopen this case under 11 USC 350, which commands that the case go back to the court that presided over the bankruptcy. And that's how they got to Judge Drain. And that's where I was starting to go with the 11th Circuit's position about a contrary rule wreaking havoc, right? This kind of litigation uniquely raises the prospect of one court ordering contempt relief based on another court's discharge injunction, while that other court is jumping up and down, saying my order isn't violated. But plaintiff gets to pick the forum, because they have to reopen. So Bruce says that there's a difference between statutory injunction number 524 and sort of customized individual judge's order. What's your response to that? Well, I think it starts with what this court said in Anderson on plaintiff's urging, that the difference wasn't material. The court reiterated that in Belton. And those holdings are consistent with every other circuit that's addressed these issues. And I think both with respect to that issue, and with respect to plaintiff's argument about this may be meeting the bankruptcy court writ large. Look, those cases would have come out entirely differently. It seems like what they really want to do is create a form of a substantive right that kind of analogous to a violation of the temporary state, 362. Which the Sixth Circuit said, look, if Congress knows how to do this, if they want to give them a substantive right for a violation of a section of the code, they can do that. And certainly, Congress hasn't done that here as the 354, right? And the Ninth Circuit did likewise. I think that kind of is the back end of the response to Judge Robinson's questions. The Ninth Circuit said, look, Congress knew that both 362 and 524 were being enforced through contempt. And on the same day, it amends both statutes and only creates the private right of action in one. So I see that I'm out of time. I reiterate that the class allegations. Can I ask one other question? Sure. Would it be possible for Bruce to bring a class action for a declaratory judgment to get the relief that she's seeking here? No, because the only- Right. That's what I understand this court's held in both Belton and Anderson, that the claim arises through the 105 contempt action. And I think if you viewed the declaratory judgment differently, it would put you exactly where Judge Wesley said it would be a private right of action, which Congress certainly didn't include here. The reference to 105 contempt action, I'm still trying to learn all this stuff. But I understand that typically in the bankruptcy context, 105 is the tool through which one brings a contempt action. But is 105 limited to contempt actions? Can't a non-contempt motion for a declaration or an enforcement of an order also fit within the broad scope of 105? It's sort of like everything else that's necessary to effectuate the terms of the code. Right. But I think here what that declaration would be, right, would be effectively the contempt action. It would be you have run afoul of this other court's injunction. It would be, if you were seeking non-contempt relief, right, the Taggart problem would fall off, right? You wouldn't be making judgments about willfulness or bad faith. You would be making a determination about the scope of the injunction, which happens to be a statutory injunction that presumably has the same scope everywhere. Same scope everywhere that courts view entirely differently. I mean, this goes- This goes to the problem of nationwide class actions more broadly, right? That's always true in a class action. Oh, no, no. I was going to say, no, I don't think that's always true because in a class action, you're not just viewing the law. You're, excuse me, in this kind of class action, you're not just viewing the law. You're viewing what another court thinks his or her injunction meant under that law. And so here you have cases like Mog, right, where there are multiple collection efforts,  and yet the court below or one other court in this district may say, I'm looking at that court's injunction. I think it is a violation, and that's a different- In the context of a statutory injunction, are we really trying to decide what an individual court thought it meant, or are we trying to decide what it meant? I think you're doing both. I think that's where- I think that's where- and it may change as you move forward on the proof, right, Your Honor? Even if you get over the threshold of saying you plausibly pleaded a violation of the injunction, as evidence comes in and one court looks at, is there objective pressure on the debtor to pay these debts, courts can come out in markedly different places based on the evidence. And this scheme or regime would totally supplant that and basically- I'm not a judge making a decision that has applications. It's essentially tying the hands of judges everywhere. I understand the distinction that here it's a decision about what the order means. I'm just trying to figure out, because it's a statutory order and it's a forum order, whether it really is like deciding what another judge- Whether it's deciding what 524- Well, I think so for those two reasons I mentioned. One, I think the statutory or forum nature is already water under the bridge, given Anderson and Belton. And then two, other courts looking at the same forum order are coming to different places. And, you know, you can take that under gravel, and whether the injunction is giving the explicit, clear notice that people need to police it, or you can view it, I think, around legal uncertainty. Judge Park, I know, not cited in the briefs, but you wrote a decision, Next Investments versus Bank of China, where you recognized that legal uncertainty can be enough reason to deny relief. And here, if you look at the way different courts are coming out under- with the vast majority of courts, I should note, coming out on our side, this just isn't a place for stating a contempt claim. I see I'm well over my time. I'm happy to answer further questions that the court has. Thank you. You preserved a couple minutes for rebuttal. Mr. Carpenter. Thank you, Your Honors. We start with the concession by my colleague that the Bankruptcy Court has subject matter jurisdiction. So if you start with the premise that it has subject matter jurisdiction, what is the restraint on its ability to invoke 7023 expressly in the bankruptcy? It's an interesting concession because, frankly, each individual claim is a claim that relates to or arises in a bankruptcy, isn't it? Each violation of the Section 524 that would affect the people in the class that Ms. Bruce wants to represent are claims that arise in or relate to a bankruptcy, aren't they? Yes, they are. So there is subject matter. But they're individual bankruptcies, are they not? Yes, but it's not- Doesn't it seem a bit odd that collectively, because they arise in differing bankruptcies, one bankruptcy court then has jurisdiction over all of them? No, it's not odd at all because, again, as Judge Drain pointed out- Class actions are common, but generally it's class actions of creditors against the debtor. Toxic torts, the Purdue case and other cases, the toxic torts with Karen McGee that I've had- But nothing- But isn't this, what's the other, what other case, what other analog case is there that's like this, not a 524 case, but another analog case where there's a violation of some provision of the bankruptcy code by a creditor. Yeah. But that is the basis for a national class action against a creditor by the respective estates as members of a class. I don't recall, Your Honor- I don't think there is one. Well, let me first- Is there? We cited several class action cases. There are not all creditor cases in our brief. I can't come to mind a particular one where the plaintiffs were the debtors. But let me point out, Your Honor, that there's nothing in the code. Congress said nothing about that the debtors cannot bring a class action. There's nothing. The code says- I understand. And Judge Drain's love affair with Section 105, I can appreciate. But 105 is authorizing things to be inconsistent with the bankruptcy code. Correct. And I think one might look for an authorization for a class action like a similar private right of action that exists with regard to violations of the temporary stay, which Congress has not seen fit to do with regard to this. I think every bankruptcy judge that has addressed this has pointed out that you don't need a private right of action to enforce 524. Well, bankruptcy judges, yes, but circuits, no. And we're here. If we're dealing with the circuits, Your Honor, let's talk about Crocker. I think Judge Robinson pointed out Crocker is based upon the erroneous notion that when they changed the code, that they wrote out of the code the provision that you could not register a case from one district to the other district. And they therefore said that Mr. Shabazzi, who had gotten his bankruptcy in Virginia but lived in Texas, had to go back to Virginia to enforce his provision, which is directly contrary to Rule 4004F, which in hoc verbia is almost identical to the provision that Crocker said Congress had written out. So- Where in the code is your class action authorized? I'm sorry? Where in the code is your class action authorized? 7,023 especially authorizes class actions, and it doesn't say debtors versus creditors. And what we're talking, so if I could go back to the premise, we're talking about a court that has subject matter jurisdiction. So the equitable principle that they cite is that when a court fashions its own injunction, as in Bank of China, as a general matter, the claimant should go back to that court to get contempt relief. This is a statutory injunction. And by the way, he said that each judge enters a discharge, enters their own injunction. They do not. The discharge order is a form that says so and so gets a discharge of all claims. That's all it is. It's a form. Mr. Carpenter, now I'll give you the, it may very well be very good policy to allow it. My problem is who has the authority to allow it? Judge Drain or Congress? Congress. And Congress passed 524 not to restrict debtors' rights, but to expand debtor rights. There's nothing in the Bankruptcy Code, there's nothing in Title 28. But the claims arise from violations of the order, not from some substantive right that the debtor acquires as a result of the discharge, aren't they? No, the claim arises from the statutory injunction set forth in 524. It's a violation of the order. And the invocation of 105 is to enforce the injunction of 524. There is nothing in 105. There's nothing in 524. There's nothing in the venue provisions. There's nothing that limits one bankruptcy court to enforce the statutory injunction to a class, all of whom have common issues. As Judge Robinson points out, it's no different than any other class action. We're not interfering with the rights of any bankruptcy judge because no bankruptcy judge has issued an injunction. So I'm not trying to understand that. So what happens if the bankers court issues a national, or there's a national class and another bankers court disagrees with the interpretation? What happens? Of its order. Of its own order. There's no issue to interpret. That this is, there is actually a reasonable ground of doubt. There is, I'll go to the other issue, but to answer your question specifically, it's no different than any other class action where a court is adjudicating the same issue with regard to the same defendant  and issuing the class certification. Do I have sufficient grounds under Rule 23 to give class relief? One judge in Minnesota may adjudicate that case differently than a judge in New York. But Congress decided that- So how does that work? I guess that's my question. How does a judge in Minnesota, if he disagrees with the decision here, Judge Drain's decision, then is he stopped? What's the mechanism? He's, as in the regular class action, if the court certifies the class and makes a determination that the conduct of the defendant violates the rights of the class, that adjudication binds the defendant as in any other class action. And how are the rights are defined by the respective orders issued by the respective bankruptcy courts? And in Judge Park's hypo, what if one of those bankruptcy judges said, I don't deem it to have been violated. It's my order. I don't deem it to have been violated. Could the bankruptcy court that certified the class and join him under the All Writs Act from issuing that order? The opportunity for disagreement on the substantive issue is not a reason not to certify the class. All the discharge order does is say, your claims that may be discharged are hereby discharged. And then, as Judge Montali said in Tehran, the discharge order does nothing. It's 524 and the injunction under 524 that I am enforcing when I certify a class. And it's no different than someone may have rights that another judge in another circuit may decide, I don't think they have a claim. The judge in New York who has the class action says, I think they have a claim. The principle that they're relying on is not a universal principle. The rule is generally. And, for example, in the Alderwoods case, the court made the right decision. Wrong reasoning, but made the right decision that, in general, if you have a discharge from a court and someone's violating the discharge, in general, you should go back to the court. But you're not required to, and it certainly doesn't override 7023, which says the court can entertain a class action. The 524 claim is a substantive statutory right. You don't have to have a private cause of action for a court to invoke 105. Well, it defines a right, but it's memorialized in an order. It's a discharge. I mean, 524 means nothing until the bankruptcy court issues the discharge, right? 524 defines what the discharge will be. It does not. It says there's a discharge. It does not define the scope of the discharge at all. Well, I mean, it defines the legal effect of the discharge, right? It does not. For example, whether a particular debt is discharged by order of the discharge is not determined by the order of discharge. That's determined in an adversary proceeding. Will the national class action seek an order of contempt? It may or may not. Contempt? It may or may not. As Judge Park and Judge Robinson pointed out, this case seeks declaratory relief. And it seeks restitution. The whole notion that they rely upon, the whole case law- And what's the declaration? That the city bank has violated section 524 as memorialized in the various discharges? The declaration is that city bank's conduct violates section 524. So someone, to be a member of the class, one has to have been discharged in bankruptcy? Correct. So therefore, because without the discharge, they don't have a claim? That's correct. Okay. Your discussion with the class certification process got me thinking about something. And I plan to ask your colleague, but I'd like to hear your thoughts as well. If we're dealing with a long-standing equitable principle that it's the court that issues an order that enforces their own order, and we know that there's not a jurisdictional bar, and we know that class actions are permitted in bankruptcy court, why is the determination that we're being asked to make, a strike the pleadings determination at this stage rather than a propriety of certifying the class determination that should wait until there's a motion for class certification? Exactly. The city is pretermitting the issue of class certification and saying you should strike, you should strike from the, originally they argued you should strike from the complaint, the class allegations because you don't have jurisdiction. Where in the class certification analysis would this issue fit in? I guess I'm trying to figure out, is this the best and most appropriate opportunity to confront this question, whether this broad legal principle essentially acts as a matter of law to preclude these actions? Would that be an appropriate argument to make at the class certification stage? It certainly would be an appropriate argument to make. We don't think it's valid, but that's certainly the appropriate stage to make it, is the class certification determination. Are the claims typical? Does the representative properly represent the class? Is it manageable? All those issues are being determined at the class certifications. But none of those issues really asks the question whether a certified class would improperly impinge on the prerogatives of a judge who's issued an order that's now being interpreted by another judge. Not directly, but they could certainly raise it in the context of the class certification. But again, Your Honor, there's no tailored order that one judge is interfering with the other judge. There's just a statement that you have gone through the bankruptcy process and your debts can be discharged are discharged. If I may, Your Honor, just on the other point raised, there's no reasonable ground for doubt here. First of all, Taz Taggart says somebody who has the subjective intent to violate the statute as Citibank is alleged to have done, it can still be held in contempt. And Taggart is a standard for contempt. We also seek a declaratory judgment separate from their intent, separate from their good faith. Well, if it argues if one of its arguments is it wasn't a creditor at all, it would be covered by it. Well, first of all, 524 is not limited to creditors. In discharge injunction, he says the discharge order is limited to creditors. It is not. It does not say it's limited to creditors. And it says in the boilerplate after you list the name, this order means that no one, no one may make any attempt to collect the debt. Citibank, Citibank, the trade line is in the name of Citibank. Only Citibank can remove it. Citibank refuses to remove it when asked to do so. Citibank gets a piece of the action if Midland collects, right? Yes. I mean, they, well, it depends on the contract. Yeah, but Citibank controls the trade line, right? Absolutely. And you point that out in the agreement. Midland cannot change the trade line. Only Citibank can. In fact, their contract specifically says that only Citibank can change the trade line. Hard to see that they don't have an interest. Well, they clearly have an interest because the more people who pay because they want to get it off their credit report, because their stories are legion about people who, although they've gone through bankruptcy, can't buy a car because it says charge off on their credit report. And when we get to the trial phase, if we do, we will show through testimony that you cannot get a mortgage. You cannot get a mortgage if you have a charge off on your credit report. And Citibank. A little bit with the fair ground and doubt standard. I mean, does that mean, what, reasonable people can disagree or that, you know, we might agree with you, but there is a culpable argument on the other side? How do we apply that standard? It means that Citibank, as alleged in the complaint, had the intent to collect undischarged debts. That's a subjective bad faith. Taggart says, Taggart holds that your good faith doesn't absolve you if you're objectively unreasonable. It also says, on this other side of the coin, if you have bad faith, if you intend to violate the injunction, then clearly you're liable for contempt. But, again, this is, that's only the contempt phase. We're also seeking a declaration. Even if they're totally innocent as snow, we're seeking a declaration that what they're doing itself violates the- Whatever the standard means, the allegations of bad faith here are sufficient. I'm sorry? So whatever the standard means in this case, the allegations of bad faith in the complaint are sufficient. That's what you're- Yes. We allege it through several paragraphs, and we allege in detail what they, how they accomplish their bad faith. And, for example, not only do they refuse not to change the trade line, but they tell the people, if you want it off your trade line, you have to pay the debt. This is a discharged debt. They're telling people on the phone, if you want to get it off your trade line, pay the money. They're trying to collect on a discharged debt. They know they are. That's what's alleged in the complaint. Not how they characterize it, but what the complaint alleges. They take affirmative acts- I thought Ms. Bruce did not allege that she felt pressured to repay the debt. Is that, is there a standing issue there? No, she does allege that she was pressured to pay debt. All the people are, there's, we can bring in legions of people who were pressured to pay the debt because, because if you have a charge off on your account, even though you've had a bankruptcy, and you can look in the record, all her credit, all TransUnion Ex-Racts, current status says charge off. That means you cannot get credit or you pay several points higher if you want to buy a car. You cannot get a mortgage with a charge off. Citibank knows that, and they tell people that. And that's why when people ask, would you please correct my credit report to show that this loan, this charge has been discharged in bankruptcy, included in bankruptcy is what it's called, and the credit agencies know how to do that, Citibank refuses to change it because, why? Because they know that some people will pay the debt, even though it's a discharged debt. They take affirmative steps to collect on the discharged debt. Thank you. Thank you. Thank you. Mr. Joyce. I'm intrigued by my colleague's question of Mr. Carpenel. Too soon, Mr. Joyce? Isn't this more of a question? No, not at all. And Judge Drain agreed with us there. I think both for practical purposes and doctrinal reasons, not too soon at all. On A261 and A262, Judge Drain recognized that this presented a pure question of the law. He invoked 23C1A, which tells courts to decide class cert issues as soon as practicable. The leading motion of strike cases, though not cited in our brief, would be Donaldson v. Ameriprise, 999F3, 1080 from the Eighth Circuit, Pilgrim, 660F3, 943 from the Sixth Circuit, both invoking 23C1A as reason to address a motion of strike that presents a question of law as early as possible. And I think it's just ordinarily, questions of law don't come up. But going further than those courts, a case called McCrary v. Stiefel, again, we didn't join cause on this in the briefs, 687F3, 1052 at 1058-1059, the Eighth Circuit simultaneously on Rule 12 motions dismissed individual claims and the class claims, squarely rejected an assertion by plaintiffs that the issue of class certification may only be addressed after assessing 12B6 of the individual claims. So how do we, one of the things I'm kicking around, there's no dispute that the court has jurisdiction to do this. You're not contesting that? Correct. There's no dispute that the bankruptcy court, as a sort of broad matter, has the authority to undertake class actions? Correct. And so the principle that you're invoking here, and is it your position that that's, I mean, when you look at the Supreme Court, it says generally courts, right? And so is it your position that that's actually an absolute rule of law, not just a sort of a general? Well, I smiled when I said Mr. Carpinello said that earlier, and I do the same with you, Judge Robinson. because no one's pointed to a case when anyone has ever done this, not under the bankruptcy code or otherwise. So I don't quite know what the generally means there, but I know we've been doing this since ancient England. And no one's found one court enforcing another court's injunction. Right, I think, I guess the question is the use of generally, does it signify, we haven't seen the case yet, but it just strikes me, one can see an argument that if generally truly means generally, if there is a case where it might make sense for one court to enforce another court's orders, whether it be through contempt sanctions or through the declaratory relief under 105, this would be it. Like, if this isn't it, then that generally is gratuitous language from the court. I don't think that this would be it, especially because of what you're seeing the courts do around claims like this. I mean, this, I think it was Judge Park who asked what would happen. I think what would happen in these cases would be a race to the courthouse. The same statute my friends here invoked to get before Judge Drain, 11-350, 11 U.S.C. 350, creditors can invoke too. We can run off and reopen a bankruptcy of Jane Doe, wherever. And then seek a declaratory judgment that the discharging hasn't been violated. And then what do you do? It's, as the 11th Circuit said, it's chaos. It would really wreak havoc across the federal courts, and there's not a good way around that. I want to come back to something. I see that I'm over my time, but if I may, I want to come back to a point that my friend made about the text of the code, right? Judge Robinson, your question about 4004 is somewhat new soil. Judge Drain had never relied on that before. When you go back to his opinion in Haynes, and his other opinions in this line, what he invoked was an alleged textual difference between section 105. The whole rule was about the difference between section 105 and the All Writs Act. But we're reviewing that de novo, I'm assuming, right? We're, I mean, in other words, are we in any way bound by Judge Drain's reasoning? No, no, but if you're looking for textual cues in 105, not only does the subsequent history cut against it, but 105 itself doesn't help. I mean, Judge Drain pointed to the difference between the All Writs Act, but none of these cases are All Writs Act cases. And then what's funny about 105 and the All Writs Act is he pointed to the language about fulfilling the purposes of the title. But that language was in the 1898 bankruptcy code. That language had been on the books for 100 years, and no one had viewed it to expand the scope of bankruptcy court authority. So it's- The problem here that we are, there are cases that deal with this issue. I think everybody's grasping for little tidbits here and there that might inform the analysis. But we have a general, and I would say, at least acknowledged to have the possibility of exceptions rule that comes from equity, and then we have all these other things. I disagree with that insofar as four courts have dealt with this, right? This precise issue, and have all reached the same result. And that comes back around to a question that Judge Wesley posed about, is this a bit odd to be doing through a class action? Yes, this court held that that equitable rule overrode the FAA. The class action device is procedural. You heard Mr. Carpinello earlier describe what he's seeking is substantive relief. A procedural mechanism of a class action can't change this venerable, equitable rule. The last point I want to make, and if you'll indulge the time, is Mr. Carpinello's point about the individual claim, but A29, this injunction is only directed at creditors. It says it clear as day, all creditors. I can't tell you why Judge Drain used a different form of injunction than in the form, but what it says is all creditors, and it's exactly like Calico. And the last thing I'll say about Calico is, notwithstanding my friend Mr. Carpinello's points about bad faith, Taggart doesn't consider bad faith and to a contempt claim, and Calico didn't. This court in Calico found that they had acted in bad faith, and they rejected the contempt claim. I want to read you a passage from Taggart. Our cases suggest, for example, we have not held, however, that subjective intent is always irrelevant. Our cases suggest, for example, that civil contempt sanctions may be warranted where a party acts in bad faith. And then it goes on to say, but the fact that you act in good faith isn't enough. Is that not a recognition that bad faith remains an independent basis? I think what the court's talking about there is on the remedy side. The underlying case it cited is Chambers, a case where the Supreme Court was trying to figure out whether attorney's fees or remedy was proper in contempt, and that's where it got to bad faith. We cite a case called Jackson from the Connecticut Bankruptcy Court with the same reading. I'll note, in addition to Calico, which should remain good law given what this court has said about its pre-Taggart authority, and then in the post-Taggart cases. Taggart went back down to remand in the Ninth Circuit. There's no mention of bad faith, objective standard only. Last month, a case called Kimball Hall, the Seventh Circuit, decided a post-Taggart issue on the objective standard alone. So I think everything there, and in- In other words, I don't think the argument is that they are, you have to have both. The argument is that there are two distinct paths to a contempt finding. I disagree that there are two distinct paths. I think you've got to get over the first, and then the second, the bad faith, is illustrative once you're over the first. Because otherwise, everything that the Supreme Court said about the Ninth Circuit applying a subjective standard being wrong, and then saying the proper standard is objective, really doesn't make sense. It should have started by saying, well, the standard's objective, but that can be surmounted if you apply bad faith. And I just don't think that's the best way of reading that decision. Thank you for your indulgence, unless there are further questions. Thank you, counsel. Court's indulgence, I give the site to Judge Wesley Est, class action cases involving members of plaintiff's class. We cite several on page 30, footnote 5 of our brief. Thank you. Page 30 of our brief, footnote 5, thank you. Thank you both. Take the case under advisement. Thank you, Joe.